IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTON L. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-0027 |
| ) | |
| ERIC C. RICHARDSON, ) | Judge Campbell |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Anton L. Thompson, a prisoner or pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983 against defendant Eric C. Richardson, a police officer with the Metro Nashville Police Department. The complaint (ECF No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  Standard of Review**

Under the PLRA, the Court is required to dismiss any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.  Factual Allegations**

The plaintiff sues Eric C. Richardson, an officer with the Metro Police Department. He purports to name the defendant in his official capacity only. (Complaint, ECF No. 1, at 4.)

The plaintiff alleges that on the morning of August 17, 2014, he realized his gold teeth were missing. He looked around and finally asked his girlfriend, Patricia Falls, if she had seen them. She said she had not, but the plaintiff saw his gold teeth in Ms. Falls's purse. Ms. Falls grabbed up her pursue when she saw the plaintiff looking at it and went into the bathroom. They started arguing. The plaintiff took Ms. Falls's credit card

and phone from a dresser drawer and informed Ms. Falls that he would not give Ms. Falls her possessions back unless she gave him his gold teeth. At some point, an employee of the hotel where this incident took place came to the door to ask what was going on. The plaintiff replied that they were "just arguing," but Ms. Falls reported that the plaintiff was "hitting on her." (ECF No. 1, at 5.) The hotel worker came into the room and began throwing the occupants' possessions into their bags and telling them they needed to leave immediately. The plaintiff left the room and went across the street but then returned. The plaintiff told Ms. Falls that he would call the police if she did not give him back his gold teeth. Instead of doing as the plaintiff asked, Ms. Falls called the police, so the plaintiff also called the police.

Metro Police Officer Eric Richardson arrived at their hotel room in response to the calls. According to the plaintiff, Officer Richardson told him "there was no evidence to support [the plaintiff's claim] that [Ms. Falls] stole [his] property." (*Id.*) Instead of arresting Ms. Falls, the officer arrested the plaintiff "based on Patricia Falls['s] false claim and bruised wrist." (*Id.*) The plaintiff denies that he assaulted Ms. Falls and asserts that the bruise on her wrist was several days old by that time. The plaintiff further alleges that Ms. Falls "manipulated the police department to steal [the plaintiff's] property." (*Id.*)

He states that Ms. Falls testified at the preliminary hearing. At some point during the hearing, she "raised [the] stolen gold teeth" and then placed them back in her purse, thus providing "conclusive evidence that she did in fact steal my teeth." (*Id.*) It is unclear whether anyone but the plaintiff saw her do this, however. The plaintiff also asserts that "[s]he had no evidence to support her claim that [the plaintiff] assaulted her other than h[ear]say. No bruises, or severe injuries around her neck, and it's a proven fact that she lied on the stand. . . ." (*Id.*)

The plaintiff asserts that Officer Richardson discriminated against him on the basis of gender by arresting him but not Ms. Falls. He seeks damages for false imprisonment and defamation of character.

**III.     Discussion**

The plaintiff's complaint is brought under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

As an initial matter, the Court notes that the plaintiff expressly indicated by checking a box on the form complaint that he is suing the defendant, Officer Richardson, in his official capacity only. (*See* Complaint, ECF No. 1, at 4.) An official-capacity claim is the equivalent of a claim against the entity that employs the defendant, presumably in this case the Metropolitan Government of Nashville and Davidson County ("Metro"). A municipality like Metro can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, under *Monell*, in order to state a claim against Officer Richardson in his official capacity, the plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

The complaint contains no allegations to suggest that Officer Richardson was acting pursuant to a policy or custom of the Metro Police Department or of Metro itself. The Court therefore finds that the complaint fails to state a claim against the defendant in his official capacity.

It appears from the context of the factual allegations in the complaint that the plaintiff checked the "official capacity" box without understanding the import of that designation. *Cf. Ritchie v. Wickstrom*, 938 F.2d 689, 692 (6th Cir. 1991) ("In order for a person to be sued in a section 1983 action, he must be acting under color of law. Historically, many plaintiffs pleaded the element of 'color of law' by stating a defendant was acting in an 'official capacity,' because it follows *ipso facto* that one acting in an official capacity for a governmental unit is acting under color of law."). In this case, however, it would be futile either to construe the complaint liberally as asserting an individual-capacity claim against Officer Richardson or to permit the plaintiff to amend his complaint to expressly assert an individual-capacity claim.

The plaintiff's § 1983 claim is based on allegations of a "false arrest" in violation of the Fourth Amendment. To state a claim of constitutional dimension based on a false arrest, a plaintiff must plead facts showing that "the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). *See also United States v. Torres-Ramos*, 536 F.3d 542, 554 (6th Cir. 2008) ("In the absence of probable cause, an arrest constitutes an unreasonable seizure in violation of the

Fourth Amendment."). "The threshold of probable cause required to make an arrest is defined as 'whether at that moment the facts and circumstances within the officer's knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense.'" *Young v. Owens*, 577 F. App'x 410, 413 (6th Cir. 2014) (quoting *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Beck v. Ohio*, 379 U.S. 89, 91(1964))). In addition, the Sixth Circuit has stated that:

> [a]n eyewitness identification will constitute sufficient probable cause unless, at the time of the arrest, there is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken regarding his recollection of the confrontation. This comports with the general notion that, since eyewitnesses' statements are based on firsthand observations, they are generally entitled to a presumption of reliability and veracity.

*Meakens v. Benz*, 515 F. App'x 414, 417 (6th Cir. 2013) (quoting *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999)).

In this case, the plaintiff admits that he took his girlfriend's credit card and cell phone. He also admits that Officer Richardson, upon arriving at the hotel room, was (falsely) informed by Ms. Falls that the plaintiff had assaulted her. In addition, it appears that the plaintiff was caught with Ms. Falls's cell phone and credit card in his possession. He does not state that the officer had reason to believe that Ms. Falls was lying about the assault. He states, in fact, that Ms. Falls "manipulated" the police and lied maliciously both at the time of the arrest and at the preliminary hearing. It is therefore clear that the police officer had knowledge of facts and circumstances, based on "reasonably trustworthy information," that "were sufficient to warrant a prudent man in believing that the arrestee had committed . . . an offense." *Radvansky*, 395 F.3d at 302. In short, Ms. Falls's eye-witness statement in conjunction with the bruise on her wrist and her cell phone and credit card in the plaintiff's possession constituted probable cause to arrest the plaintiff. The facts that Ms. Falls had stolen from the plaintiff first and was purportedly lying about the assault do not obviate the evidence in the defendant's possession that gave rise to probable cause for the plaintiff's arrest.

**IV.     Conclusion**

In sum, the complaint fails to state a claim under § 1983 against defendant Richardson in his official capacity. Even if the complaint is construed liberally as asserting an individual-capacity claim as well, the allegations in the complaint fail to support such a claim. The § 1983 false-arrest claims will therefore be

dismissed with prejudice.

The Court declines to exercise jurisdiction over the state-law defamation claim, since the federal claims upon which the Court's jurisdiction is premised will be dismissed. 28 U.S.C. § 1367(c)(3). The state-law claim will be dismissed without prejudice.

An appropriate order is filed herewith.

_____
Todd Campbell
United States District Judge